8919

MORRIS v. BUIST *ET AL.*

(82 S. E. 675.)

COUNTY OFFICERS.   COMPENSATION.   STATUTES.

The salary provided for the sheriff of Barnwell county by 1 Civil Code, sec. 1486, is in lieu of the charges which otherwise might have been made against the county under the general fee bill contained in section 4230, and such fees are not chargeable against the county under the exception in section 1528.

Before GAGE, J., Barnwell, November, 1913.   Affirmed.

Controversy without action on agreed statement of facts, by J. B. Morris, sheriff of Barnwell county, against H. F. Buist, J. W. Patterson and N. M. Walker, county commissioners of said county.

The facts are stated in the judgment of the Circuit Court, which was as follows:

"The sheriff of Barnwell county presented to the county commissioners a bill for $590, the aggregate of fees charged by him against the county for the service of grand and petit jury. Vol. I, Code of Laws, 1912, Civil Code, sec. 4230.

"The commissioners doubt their liability therefor; they think that sections 1486 and 1528 of said Code, allow the sheriff a salary in lieu of fees.

"Counsel for sheriff relies upon the last seven words of sec. 1528, as letting the sheriff fall back on section 4230 to make the charge.

"That section was the old fee bill, in force long years before the sheriffs were put on salaries.

"If the sheriff may enforce that section, as they did before the salary act was passed then what was the object of the salary act. Unless the $1,500.00 voted as a salary was meant to stand in lieu of the items of the fee bill chargeable against the county, then it was a bonus.

"It is suggested by counsel that it may have been intended for compensation of the sheriff's deputy, for compensation of the sheriff's attendance upon Court, his service of subpœnas for witnesses in the Sessions Court, and other services.

"But the statute does not so read.

"It is true there seems to be no provision for the payment of the deputy sheriff, though there is warrant for the appointment of such an officer.

"That is a manifest hardship, both on the sheriff and on the deputy; but the only remedy is the enactment of a law to cure the omission.

"I am clearly of the opinion, that as the law now stands, the sheriff can claim compensation from the county only under sec. 1486 and sec. 1527; and that sec. 4230 is not an express provision for other and additional compensation.

"It is so ordered."

The sheriff appealed from said order, on the ground that the Circuit Judge erred in holding that sec. 4230 is not an express provision for other and additional compensation to the sheriff as contemplated by section 1528.

*Messrs. Thomas M. Boulware* and *Edgar A. Brown,* for appellant, submit: *The Code of 1912 is to be construed as a single act, so as to give effect to all sections included therein:* Acts of 1912, No. 414, p. 735; Const. 1895, art. VI, sec. 5; 66 S. C. 277; 75 S. C. 560. *Provisions of Code as to compensation of sheriffs:* Secs. 1486, 1527, 1528 and 4230. 70 S. C. 391, *distinguished.*

*Mr. R. C. Holman,* for respondent, cites: 70 S. C. 390 and 25 Stats. at Large 572, Act No. 270, as original of Code, sec. 1528, and showing legislative intent.

August 19, 1914.
The opinion of the Court was delivered by MR. JUSTICE HYDRICK.

The judgment of the Circuit Court is affirmed for the reasons therein stated.

MR. JUSTICE GAGE, having heard this case on the Circuit, did not sit on the hearing of the appeal.